**In the Interest of K.C., A.K., J.K., and D.K.**

**No. 04–01–00580–CV.**

Court of Appeals of Texas, San Antonio.

July 10, 2002.

Michael D. Robbins, San Antonio, for Appellant.

Michael D. Bowles, Scott Roberts, Asst. Criminal Dist. Atty., Elizabeth A. Fisher (ADL), Law Office of Elizabeth A. Fisher, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, and SANDEE BRYAN MARION, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Kathreen Cruz appeals the trial court's judgment terminating the parent-child relationship between her and her four children. On our own initiative, we have considered this case en banc to reconsider our recent holding in *In re R.H.*, 75 S.W.3d 126, 130 (Tex.App.-San Antonio 2002, no pet.), that a party who does not appear at trial may avail herself of the procedure set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), for setting aside a default judgment even though the party was represented at trial. Following the opinion of the Supreme Court of Texas in *LeBlanc v. LeBlanc*, 778 S.W.2d 865 (Tex.1989) (per curiam), we now hold Cruz is not entitled to invoke the *Craddock* procedure and therefore overrule *In re R.H.* to the extent it conflicts with *LeBlanc* and this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

The Texas Department of Protective and Regulatory Services filed a petition seeking to terminate the parent-child relationship between Cruz and her children. Cruz did not appear at the first day of the ensuing bench trial because of a miscommunication; and she did not appear at the second day of trial because of car trouble. After the trial court signed a judgment terminating the parent-child relationship between Cruz and her children, Cruz filed a motion for new trial alleging her failure to appear at trial was not intentional, she had a meritorious defense, and a new trial would not cause delay or injury to the Department. After a brief hearing, the motion was denied.

### APPLICABILITY OF *CRADDOCK*

Cruz argues the trial court abused its discretion in denying her motion for new trial because it met the requirements of *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), in which the supreme court held that a trial court abuses its discretion in denying a motion for new trial seeking to set aside a default judgment if the movant establishes: (1) the failure to answer "was not intentional or the result of conscious indifference ... , but was due to a mistake or an accident"; (2) a meritorious defense; and (3) the motion for new trial "is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Craddock*, 133 S.W.2d at 126. A panel of this court recently held that *Craddock* applies in a termination case, "given the constitutional nature of the rights involved," when the defendant's attorney, but not the defendant, appears at trial; and the defendant contends "that her absence deprived her attorney from presenting material evidence on her behalf." *In re R.H.*, 75 S.W.3d 126, 130 (Tex.App.-San Antonio 2002, no pet.). One justice dissented. *See id.* at 132 (Marion, J., dissenting).

The Supreme Court of Texas addressed this precise issue in *LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex.1989) (per curiam), albeit in the divorce context. In *LeBlanc* the husband's attorney, but not the husband, appeared for trial. *LeBlanc v. LeBlanc*, 761 S.W.2d 450, 454 (Tex.App.-Corpus Christi 1988), *application for writ of error denied*, 778 S.W.2d 865 (Tex.1989) (per curiam). On appeal, the husband argued the trial court abused its discretion in denying his motion for a new trial because it met the requirements of *Craddock* and "his failure to appear deprived the court of relevant information." 761 S.W.2d at 454. The court of appeals held that *Craddock* did not apply, because the case had been tried on the merits. *Id.* In so doing, the court erroneously stated that the case was not one of default because the husband had timely filed an answer. *Id.*

In denying the husband's application for writ of error, the supreme court corrected the court of appeals' mistaken view that *Craddock* only applies in no-answer default cases. "*Craddock* has general application to all judgments of default, both those 'entered on failure of a defendant to file an answer and those entered on failure to appear for trial.'" 778 S.W.2d at 865. Significantly, however, the supreme court expressly stated its agreement with the court of appeals' conclusion that "*Craddock* has no application here because the case was tried on the merits." *Id.*

■ Here, as in *LeBlanc*, the party's attorney, but not the party, appeared for trial; and a trial on the merits was conducted. Therefore here, as in *LeBlanc*, there was no default and no basis for applying *Craddock*. *See id.* We therefore overrule the panel's decision in *In re R.H.* to the extent it conflicts with this opinion and hold that, because Cruz is not entitled to avail herself of *Craddock*, the trial court did not abuse its discretion in denying her motion for new trial.

**FACTUAL SUFFICIENCY OF THE EVIDENCE**

Cruz does not challenge the trial court's findings that she "knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children"; she "engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children"; and she "failed to comply with the provisions of a court order that specifically established the actions necessary for [her] to obtain the return of the children." *See* TEX. FAM.CODE ANN. §§ 161.001(1)(D), 161.001(1)(E), 161.001(1)(O) (Vernon Supp.2001). She argues only that the evidence is factually insufficient to support the trial court's finding that termination is in the children's best interest. *See id.* at § 161.001(2). We disagree.

■ The trial court's best interest finding is amply supported by the testimony of the Department's supervisor, caseworkers, and mental health specialist, as well as the CASA volunteer appointed to the case, that termination is in the children's best interest so that their basic needs are met and further abuse is avoided. We do not doubt that Cruz loves her children. Nor do we doubt that the children are concerned about being separated from their mother—the evidence upon which Cruz relies to support her factual sufficiency argument. But neither Cruz's love for her children nor their love for her obviates the fact that Cruz is unable to provide her children with a safe, stable home. We therefore affirm the trial court's judgment.

Dissenting opinion by: PHIL HARDBERGER, Chief Justice, joined by Justices LÓPEZ and STONE.

The natural right existing between parents and their children is of constitutional

dimension. *Stanley v. Illinois,* 405 U.S. 645, 652, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex.1985). The involuntary termination of parental rights involves fundamental constitutional rights that have been characterized as "essential," "basic civil rights," and "far more precious than property rights." *Stanley,* 405 U.S. at 652, 92 S.Ct. 1208; *Holick,* 685 S.W.2d at 20. A termination decree is complete, final, irrevocable and divests for all time that natural right. *Holick,* 685 S.W.2d at 20. For this reason, termination proceedings must be strictly scrutinized. *Id.* "These statements are not mere form language to be included in appellate decisions—they are statements of principles of great constitutional and human dimension." *In re M.A.N.M.,* 75 S.W.3d 73, 81 (Tex.App.-San Antonio 2002, no pet.) (Stone, J., dissenting).

In recognition of the constitutional dimension of a parent's natural right, we previously held that the *Craddock* test should be applied in the event a parent's absence at a termination hearing deprived her attorney from presenting material evidence on her behalf. *In re R.H.,* 75 S.W.3d 126, 130 (Tex.App.-San Antonio 2002, no pet.); *see also Nichols v. TMJ Co.,* 742 S.W.2d 828, 830 (Tex.App.-Dallas 1987, no writ) (holding *Craddock* standards should apply "when a defendant who was represented at trial seeks a new trial because his absence prevented his attorney from presenting material evidence in his behalf"). The majority reverses our holding in *In re R.H.* citing *LeBlanc v. LeBlanc,* 778 S.W.2d 865, 865 (Tex.1989) (per curiam). Even as it relies on *LeBlanc,* however, the majority notes its distinguishing feature. *See In re K.C.,* 88 S.W.3d 277, 279 (asserting Texas Supreme Court has addressed precise issue "albeit in the divorce context"). *LeBlanc* involved an from a judgment dividing property and awarding child support in a divorce proceeding, not an appeal from an order terminating parental rights. *See LeBlanc,* 778 S.W.2d at 865.

In terminating parental rights, a trial court must find by clear and convincing evidence that termination is in the best interest of the child. *See* TEX. FAM.CODE ANN. § 161.001(2) (Vernon Supp.2002). "The best interests of the child requires that the issues be as fully developed as possible." *Sexton v. Sexton,* 737 S.W.2d 131, 133 (Tex.App.-San Antonio 1987, no writ). "[T]he court's duty to protect [a child's] best interests should not be limited by technical rules." *C— v. C—,* 534 S.W.2d 359, 361 (Tex.Civ.App.-Dallas 1976, writ dism'd w.o.j.). "Pertinent facts which may directly affect the interests of [a child] should be heard and considered by the trial court regardless of the lack of diligence of the parties in their presentation of the information to the court." *Id.* The best interest of the child in a proceeding in which a parent's "essential" "basic" "precious" natural right is to be terminated should override a technical bright-line rule regarding when the *Craddock* test should be applied. *See Little v. Little,* 705 S.W.2d 153, 153 (Tex.App.-Dallas 1985, writ dism'd) (holding best interest of the child overrides strict application of *Craddock* test); *see also Lohmann v. Lohmann,* 62 S.W.3d 875, 879 (Tex.App.-El Paso 2001, no pet.) (technical rules are of little importance compared to the best interest of the child); *In re A.P.,* 42 S.W.3d 248, 254–55 (Tex.App.-Waco 2001, no pet. h.) (holding appellate court should review complaint in parental termination case even when complaint is not technically preserved for appellate review).

Many well-established legal doctrines contain exceptions based on the public policy of the State when a child's best interest is at issue. *See Hill v. Hill,* 819 S.W.2d 570, 572 (Tex.App.-Dallas 1991, writ de-

nied). Where a parent can prove that her absence at the termination hearing deprived her attorney from presenting material evidence on her behalf, the *Craddock* test should be applied. In order for a true "trial on the merits" to be held in this context, the parent must be able to present all relevant material evidence tending to show that termination of his or her parental rights is not in the best interest of the child.