Opinion issued November 2, 2006











     


In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01215-CV




DEBORAH JOYCE JACKSON, Appellant

V.

PHIL JACKSON JR., Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 03-CV-131834




MEMORANDUM OPINION
          Appellant, Deborah Jackson, appeals the trial court’s judgment ordering a final
decree of divorce. In her sole issue, Deborah contends that the trial court erred (1)
by denying her motion for new trial, which asserted that there was newly discovered
evidence concerning previously undisclosed funds, (2) by denying her motion for new
trial, which asserted that she did not properly receive notice of the trial setting, and
(3) by denying her motion to quash the mediated settlement agreement, which she
claims was reached by duress and coercion. We conclude that Deborah waived her
complaint concerning allegations of newly discovered evidence because she failed
to adequately brief the issue. We also conclude that Deborah failed to obtain a ruling
from the trial court regarding the motion to quash the mediated settlement agreement,
and she has therefore waived that complaint on appeal. Further, we overrule
Deborah’s complaint that she lacked notice of the trial setting because the record
shows that Deborah was aware of the trial setting and was represented by counsel at
trial. We therefore affirm. Background
          Deborah filed for divorce against her husband, appellee, Phil Jackson Jr. The
parties reached a mediated settlement agreement that stated that “THIS
AGREEMENT IS NOT SUBJECT TO REVOCATION.” The mediated settlement
agreement contains the signatures of Deborah, her attorney Elizabeth Phillips, Phil,
and his attorney beneath the statement, “I have read, understand, and consent to all
of these terms.” 
          In accordance with the agreement providing that Phil’s attorney would draft the
final divorce decree within two weeks, Phil’s attorney set a hearing for entry of the
final decree for August 26, 2004, which was over three months after the agreement
was reached. However, on August 23, another attorney, Charlie Williams, filed a
motion to substitute counsel, seeking to become Deborah’s counsel of record, and a
motion to quash the mediated settlement agreement. Williams also informed Phil’s
attorney that he was unavailable on August 26. Deborah did not sign the motion to
substitute counsel, no hearing on the matter was held, and the trial court never
approved the substitution of counsel. Phillips thus remained Deborah’s attorney.
          On August 26, Phil, his attorney, and Phillips appeared before the trial court, 
but neither Deborah nor Williams appeared. At the hearing before the trial court,
Phillips represented to the court that Deborah “is aware that the entry was set for
today.” Noting that Phillips was Deborah’s attorney of record, the trial court signed
a final decree of divorce in accordance with the mediated settlement agreement.
          Deborah’s new attorney, Williams, filed a motion for new trial that asserted
that (1) Deborah, as the petitioner, should have been the party to set the case for trial;
(2) Deborah did not understand the consequences of signing the mediated settlement
agreement and felt forced into signing it; (3) there was new evidence of additional
credit card debt, which was not addressed in the final decree of divorce; (4) there was
new evidence that Phil fraudulently withdrew and absconded with funds from his
employment retirement fund once he knew that Deborah was going to file for divorce;
and (5) the “Agreed Final Decree of Divorce” was not signed by either Deborah or
Phillips, who was her attorney of record at the time. The trial court conducted a
hearing on the motion for new trial, at which Deborah was the only witness. Deborah
testified that she did not understand the consequences of signing the settlement
agreement and did not sign it willingly, because Phillips told her that, if she did not
sign, “[i]t would cost me $10,000.” Deborah also claimed that the agreement was
incomplete because it did not address approximately $22,000 of credit card debt. 
Finally, Deborah stated that she was not aware of the August 26, 2004 setting. The
trial court denied the motion for new trial.
          On June 27, 2005, Deborah filed her appellant’s brief that contained no
citations to the record and no legal authority, other than to three rules of the Texas
Rules of Civil Procedure. On August 21, 2006, we ordered Deborah to file an
amended brief by September 7, 2006, that complied with the Texas Rules of
Appellate Procedure. No amended brief was filed.
Requirements for an Appellate Brief
          An appellant’s brief must have an “Argument” section that “must contain a
clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record.” Tex. R. App. P. 38.1(h). We are “to construe the Rules
of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost
by imposing requirements not absolutely necessary to effect the purpose of a rule.” 
Republic Underwriters Ins. Co. v. Mex-Tex. Inc., 150 S.W.3d 423, 427 (Tex. 2004)
(quoting Verburgt v. Dorner, 959 S.W.2d 615, 616–17 (Tex. 1997)). A brief is
sufficient and does not waive an issue if it “contains all points of error relied upon,
argument and authorities under each point of error, and all facts relied upon for the
appeal with references to the pages in the record where those facts can be found.” 
City of Arlington v. State Farm Lloyds, 145 S.W.3d 165, 167 (Tex. 2004) (quoting
Weaver v. Sw. Nat’l Bank, 813 S.W.2d 481, 482 (Tex. 1991)). However, a brief that
does not contain citations to appropriate authorities and to the record for a given issue
waives that issue. Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237, 241 (Tex.
App.—Houston [1st Dist.] 2006, no pet.); see also San Saba Energy, L.P. v.
Crawford, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.)
(stating that despite liberal interpretation of Rules of Appellate Procedure, “parties
asserting error on appeal still must put forth some specific argument and analysis
showing that the record and the law supports [sic] their contentions”). Standard of Review for Motion for New Trial
          We review a trial court’s denial of a motion for new trial for abuse of
discretion. Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc., 176 S.W.3d 307, 324
(Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing Champion Int’l Corp. v.
Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding)). A
trial court abuses its discretion when it acts in an arbitrary or unreasonable manner,
or if it acts without reference to any guiding rules or principles. Id. (citing Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).
Court’s Denial of Motion for New Trial
          Deborah asserts that she was entitled to a new trial because of newly
discovered evidence. In her brief, Deborah’s only reference to newly discovered
evidence appears in the section entitled “Summary of the Argument,”


 which states,
Appellant thinks that Appellee fraudulently withdrew and absconded
with his retirement funds after he knew he was going to be divorced. 
The only retirement discussed at mediation was that of Appellant. 
Appellee is awarded (25%) twenty-five percent of Appellant’s
retirement with the U.S. Postal Service. Appellant is employed with the
U.S. Postal Service and has been since September 1, 1984. The parties
were married on October 10, 1997.

Deborah fails to cite to the record, referring only to “See Appellant’s Exhibit B,
which is a copy of the Mediation Agreement.” Deborah, thus, has failed to show
where the record demonstrates the existence of new evidence. Moreover, Deborah
has not cited to any legal authority concerning whether or how this alleged new
evidence would affect the final divorce decree that the trial court signed in
accordance with the mediated settlement agreement. We conclude that Deborah has
waived her complaint that she was entitled to a new trial because of newly discovered
evidence. See City of Arlington, 145 S.W.3d at 167 (stating that brief must contain
“argument and authorities under each point of error, and all facts relied upon for the
appeal with references to the pages in the record where those facts can be found”).
          Deborah also asserts that the trial court erred by entering the judgment when
she did not receive notice of the setting and she, as the plaintiff, did not set the case
for trial. Deborah cites to Rules 21 and 97 of the Texas Rules of Civil Procedure. 
Rule 97 is inapplicable here because it pertains to counterclaims and cross-claims. 
See Tex. R. Civ. P. 97. Rule 21 provides that notice of any hearing “shall be served
upon all other parties not less that three days before the time specified for the hearing
unless otherwise provided by these rules or shortened by the court.” Tex. R. Civ. P. 
21. Deborah has not cited to any place in the record to show that she did not receive
proper notice of the setting. Moreover, in our review of the record, Deborah’s
attorney Phillips affirmatively stated that Deborah was aware of the trial setting
because Deborah was notified verbally and in writing by Phillips regarding the
setting. Because Phillips had notice of the trial setting, we impute that notice to
Deborah. See Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 584 (Tex. 2006);
Lehrer v. Zwernemann, 14 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2000,
pet. denied). We therefore hold that Deborah has failed to show that the trial court
abused its discretion by failing to grant a new trial on the ground that Deborah was
not notified of the trial setting.
 
Motion to Quash
          Deborah further contends that the trial court erred by denying her motion to
quash the mediated settlement agreement, which she claims was reached by duress
and coercion. Deborah asserts that she did not understand the consequences of
signing the agreement and that she was under duress and coercion because Phillips
told her that if she did not sign the mediated agreement it would cost her $10,000. 
Deborah also contends that the trial court erred by failing to hold a hearing on the
motion and failing to properly address Phil’s retirement and credit card debt. 
Deborah has not cited to any place in the record concerning any of these allegations,
nor has she cited to any legal authority concerning these assertions. Moreover, the
record shows that the motion to set aside the mediated settlement agreement was filed
by Williams, who the trial court determined was not Deborah’s counsel of record in
this case. The motion to set aside the mediated settlement agreement was never ruled
on by the trial court. A party must obtain a ruling on a motion in order to preserve
error on the issue raised by the motion. See Tex. R. App. P. 33.1(a)(2)(A); Kadhum
v. Homecomings Fin. Network, Inc., — S.W.3d —, No.01-05-00705-CV, 2006 WL
1125240, at *2 (Tex. App.—Houston [1st Dist.] April 27, 2006, pet. filed); De Miño
v. Sheridan, 176 S.W.3d 359, 373 (Tex. App.—Houston [1st Dist.] 2004, no pet.). 
We hold that Deborah, by failing to obtain a ruling from the trial court, has not
preserved for appellate review any issue regarding her motion to quash mediation.
          Although not included in Deborah’s presentation of the issue for review,
Deborah asserts in her summary of the argument that neither she nor her attorney
signed the “Agreed Final Decree of Divorce,” which she claims violates Rule 239 of
the Texas Rules of Civil Procedure. Rule 239 pertains to judgments by default. Tex.
R. Civ. P. 239. Rule 239 provides that “the plaintiff may . . . take judgment by default
against [the] defendant if he has not previously filed an answer.” Id. (emphasis
added). A trial court may not enter a “no answer” default judgment against a party
that has an answer on file. Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex 1989) (citing
Rule 239). However, a court may grant a “post-answer” default judgment if a party
has filed an answer but fails to appear for trial. Sharif v. Par Tech, Inc., 135 S.W.3d
869, 872 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (explaining difference
between “no answer” and “post-answer” default judgments). If a party is represented
before the court by counsel, there is no default judgment even if the party does not
personally appear. LeBlanc v. LeBlanc, 778 S.W.2d 865, 865 (Tex. 1989) (per
curiam); In re K.C., 88 S.W.3d 277, 279 (Tex. App.—San Antonio 2002, pet. denied);
Curtis v. Comm’n for Lawyer Discipline, 20 S.W.3d 227, 236 n.4 (Tex.
App.—Houston [14th Dist.] 2000, no pet.) The record shows that Phil filed an
answer to Deborah’s petition seeking a divorce. The record also shows that Phillips,
Deborah’s attorney, was present when the trial court entered the judgment in this
case. Because Phil had filed an answer, the trial court could not have granted a “no
answer” default judgment. See Davis, 764 S.W.2d at 560; Tex. R. Civ. P. 239. 
Further, the trial court did not enter a “post-answer” default judgment because
Phillips, who was Deborah’s attorney of record, appeared before the court. See
LeBlanc, 778 S.W.2d at 865; In re K.C., 88 S.W.3d at 279; Curtis, 20 S.W.3d at 236
n.4. Because the trial court did not enter a default judgment, we conclude that
Deborah has failed to demonstrate any violation of Rule 239. 
          We hold that Deborah has failed to demonstrate that the trial court erred by
denying her motion for new trial or by failing to grant her motion to quash the
mediated settlement agreement.
          We overrule Deborah’s sole issue for review.
Conclusion
          We affirm the trial court’s judgment.
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.