COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-06-333-CV

 

 

IN
THE INTEREST OF J.J.,

A CHILD

 

                                              ------------

 

           FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Robert J. appeals from the termination of his parental
rights to his son J.J. after a trial held in Robert=s absence but with Robert=s attorney  present and
participating.  Robert filed his combined
statement of points and motion for new trial after the statutorily mandated
fifteen-day deadline.[2]      In his first two points, Robert contends
that subsections (b) and (i) of section 263.405 of the Texas Family Code
violate the equal protection and due process provisions of the federal
constitution and the equal protection and due course of law provisions of the
state constitution.  This court recently
held Athat section 263.405(i) is . . . void as a violation of the separation
of powers provision of the Texas constitution.@[3]  However, Robert does not
indicate how he personally was harmed by either subsection (b) or subsection
(i).  That is, he
does not suggest any appellate issue that he was prevented from raising as a
result of section 263.405 and does not show how any constitutional violation
resulted in an improper judgment.[4]  Accordingly, we overrule his first two points.








In his third point, Robert contends that the trial court abused its
discretion by denying his motion for new trial. 
The trial court denied Robert=s motion for new trial after the statutorily mandated time for
filing a statement of points had already expired,[5]
so Robert did not raise and could not have raised this point in a timely filed
statement of points.  Under the express
language of section 263.405(i), we would not be able to address this point.[6]  However, because this court has already held
that section 263.405(i) is unconstitutional and thus not a bar to our
consideration of issues not raised in a statement of points,[7]
we will address Robert=s point that
the trial court abused its discretion by denying his motion for new trial.

Robert primarily argues that even though he failed to appear at trial,
he satisfied the Craddock[8]
test and that therefore the trial court abused its discretion by denying his
motion for new trial.  Even though Robert
did not personally attend the trial, his lawyer appeared, announced ready, and
participated in the trial;[9]
Craddock therefore does not apply.[10]








In his reply brief, Robert appears to argue that even if the Craddock
rule is not mandatory in this case, this court should nonetheless apply Craddock
in determining whether the trial court abused its discretion because ACraddock logically provides a guiding
principle in this case,@ and Athe Craddock factors are . . . relevant to the issue of whether
the trial court abused its discretion.@  We reject Robert=s plea that we hold that a trial court abused its discretion when it
followed the law.

Robert also argues that had he been at trial, he would have provided
relevant testimony concerning his involvement in J.J.=s life and J.J.=s best
interests, and he could have communicated with his lawyer concerning the
testimony of other witnesses.  He does
not contend that his presence, testimony, or participation at trial would have
led to a different ultimate result; he therefore has failed to show harm from
the denial of his motion for new trial.[11]  Accordingly, we overrule Robert=s third point.

Having overruled all of Robert=s points, we affirm the trial court=s termination order.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL B:  DAUPHINOT, HOLMAN, and
MCCOY, JJ.

DELIVERED: March 6, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Fam. Code Ann. '
263.405(b) (Vernon Supp. 2007).





[3]In re
D.W., No. 02-06-191-CV, 2008 WL 467328, at *12 (Tex. App.CFort
Worth Feb. 19, 2008, no pet. h.) (en banc).





[4]See TEX. R.
APP. P. 44.1(a); Romero v. KPH Consolidation, Inc., 166
S.W.3d 212, 220 (Tex. 2005); see also In re E.A.W.S., No.
02-06-00031-CV, 2006 WL 3525367, at *18 (Tex. App.CFort
Worth Dec. 7, 2006, pet. denied) (mem. op.).





[5]See Tex. Fam. Code Ann. '
263.405(b).





[6]See
id. '263.405(i).





[7]D.W.,
2008 WL 467328, at *12. 





[8]Craddock
v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939).





[9]See
Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509, 512 (1954);
Seals v. Upper Trinity Reg=l Water Dist., 145
S.W.3d 291, 297 (Tex. App.CFort Worth 2004, pet. dism=d) (A A
party who examines witnesses or offers testimony has made a general appearance.@).





[10]See
LeBlanc v. LeBlanc, 778 S.W.2d 865, 865 (Tex. 1989); In re K.C.,
88 S.W.3d 277, 279 (Tex. App.CSan Antonio 2002, pet
denied).





[11]See TEX. R.
APP. P. 44.1(a).