

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-333-CV

IN THE INTEREST OF J.J.,
A CHILD

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Robert J. appeals from the termination of his parental rights to his son J.J. after a trial held in Robert's absence but with Robert's attorney present and participating. Robert filed his combined statement of points and motion for new trial after the statutorily mandated fifteen-day deadline.[2]

In his first two points, Robert contends that subsections (b) and (i) of section 263.405 of the Texas Family Code violate the equal protection and due

---

[1]See TEX. R. APP. P. 47.4.

[2]See TEX. FAM. CODE ANN. § 263.405(b) (Vernon Supp. 2007).

process provisions of the federal constitution and the equal protection and due course of law provisions of the state constitution. This court recently held "that section 263.405(i) is . . . void as a violation of the separation of powers provision of the Texas constitution."[3] However, Robert does not indicate how he personally was harmed by either subsection (b) or subsection (i). That is, he does not suggest any appellate issue that he was prevented from raising as a result of section 263.405 and does not show how any constitutional violation resulted in an improper judgment.[4] Accordingly, we overrule his first two points.

In his third point, Robert contends that the trial court abused its discretion by denying his motion for new trial. The trial court denied Robert's motion for new trial *after* the statutorily mandated time for filing a statement of points had already expired,[5] so Robert did not raise and could not have raised this point in a timely filed statement of points. Under the express language of section

---

[3]*In re D.W.*, No. 02-06-191-CV, 2008 WL 467328, at *12 (Tex. App.—Fort Worth Feb. 19, 2008, no pet. h.) (en banc).

[4]*See* TEX. R. APP. P. 44.1(a); *Romero v. KPH Consolidation*, *Inc.*, 166 S.W.3d 212, 220 (Tex. 2005); *see also In re E.A.W.S.*, No. 02-06-00031-CV, 2006 WL 3525367, at *18 (Tex. App.—Fort Worth Dec. 7, 2006, pet. denied) (mem. op.).

[5]*See* TEX. FAM. CODE ANN. § 263.405(b).

2

263.405(i), we would not be able to address this point.[6]  However, because this court has already held that section 263.405(i) is unconstitutional and thus not a bar to our consideration of issues not raised in a statement of points,[7] we will address Robert's point that the trial court abused its discretion by denying his motion for new trial.

Robert primarily argues that even though he failed to appear at trial, he satisfied the *Craddock*[8] test and that therefore the trial court abused its discretion by denying his motion for new trial.  Even though Robert did not personally attend the trial, his lawyer appeared, announced ready, and participated in the trial;[9] *Craddock* therefore does not apply.[10]

In his reply brief, Robert appears to argue that even if the *Craddock* rule is not mandatory in this case, this court should nonetheless apply *Craddock* in

---

[6]*See id.* §263.405(i).

[7]*D.W.*, 2008 WL 467328, at *12.

[8]*Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

[9]*See Wichita County v. Robinson*, 155 Tex. 1, 276 S.W.2d 509, 512 (1954); *Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291, 297 (Tex. App.—Fort Worth 2004, pet. dism'd) ("A party who examines witnesses or offers testimony has made a general appearance.").

[10]*See LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989); *In re K.C.*, 88 S.W.3d 277, 279 (Tex. App.—San Antonio 2002, pet denied).

3

determining whether the trial court abused its discretion because "*Craddock* logically provides a guiding principle in this case," and "the *Craddock* factors are . . . relevant to the issue of whether the trial court abused its discretion." We reject Robert's plea that we hold that a trial court abused its discretion when it followed the law.

Robert also argues that had he been at trial, he would have provided relevant testimony concerning his involvement in J.J.'s life and J.J.'s best interests, and he could have communicated with his lawyer concerning the testimony of other witnesses. He does not contend that his presence, testimony, or participation at trial would have led to a different ultimate result; he therefore has failed to show harm from the denial of his motion for new trial.[11] Accordingly, we overrule Robert's third point.

Having overruled all of Robert's points, we affirm the trial court's termination order.

LEE ANN DAUPHINOT
JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and MCCOY, JJ.

DELIVERED: March 6, 2008

---

[11]*See* TEX. R. APP. P. 44.1(a).

4