COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-333-CV

IN THE INTEREST OF J.J.,

A CHILD

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert J. appeals from the termination of his parental rights to his son J.J. after a trial held in Robert’s absence but with Robert’s attorney  present and participating.  Robert filed his combined statement of points and motion for new trial after the statutorily mandated fifteen-day deadline.
(footnote: 2) In his first two points, Robert contends that subsections (b) and (i) of section 263.405 of the Texas Family Code violate the equal protection and due process provisions of the federal constitution and the equal protection and due course of law provisions of the state constitution.  This court recently held “that section 263.405(i) is . . . void as a violation of the separation of powers provision of the Texas constitution.”
(footnote: 3)  However, Robert does not indicate how he personally was harmed by either subsection (b) or subsection (i). 
 
That is, he does not suggest any appellate issue that he was prevented from raising as a result of section 263.405 and does not show how any constitutional violation resulted in an improper judgment.
(footnote: 4)  Accordingly, we overrule his first two points.

In his third point, Robert contends that the trial court abused its discretion by denying his motion for new trial.  The trial court denied Robert’s motion for new trial 
after
 the statutorily mandated time for filing a statement of points had already expired,
(footnote: 5) so Robert did not raise and could not have raised this point in a timely filed statement of points.  Under the express language of section 263.405(i), we would not be able to address this point.
(footnote: 6)  However, because this court has already held that section 263.405(i) is unconstitutional and thus not a bar to our consideration of issues not raised in a statement of points,
(footnote: 7) we will address Robert’s point that the trial court abused its discretion by denying his motion for new trial.

Robert primarily argues that even though he failed to appear at trial, he satisfied the 
Craddock
(footnote: 8) test and that therefore the trial court abused its discretion by denying his motion for new trial.  Even though Robert did not personally attend the trial, his lawyer appeared, announced ready, and participated in the trial;
(footnote: 9) 
Craddock
 therefore does not apply.
(footnote: 10)
 In his reply brief, Robert appears to argue that even if the 
Craddock
 rule is not mandatory in this case, this court should nonetheless apply 
Craddock 
in determining whether the trial court abused its discretion because “
Craddock
 logically provides a guiding principle in this case,” and “the 
Craddock
 factors are . . . relevant to the issue of whether the trial court abused its discretion.”  We reject Robert’s plea that we hold that a trial court abused its discretion when it followed the law.

Robert also argues that had he been at trial, he would have provided relevant testimony concerning his involvement in J.J.’s life and J.J.’s best interests, and he could have communicated with his lawyer concerning the testimony of other witnesses.  He does not contend that his presence, testimony, or participation at trial would have led to a different ultimate result; he therefore
 has failed to show harm from the denial of his motion for new trial.
(footnote: 11)  Accordingly, we overrule Robert’s third point.

Having overruled all of Robert’s points, we affirm the trial court’s termination order.

LEE ANN DAUPHINOT

JUSTICE

PANEL B:  DAUPHINOT, HOLMAN, and MCCOY, JJ.

DELIVERED:
 March 6, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Fam. Code Ann.
 § 263.405(b) (Vernon Supp. 2007).

3:
In re D.W.
, No. 02-06-191-CV, 2008 WL 467328, at *12 (Tex. App.—Fort Worth Feb. 19, 2008, no pet. h.) (en banc).

4:
See
 
T
EX
. R. A
PP
. P. 44.1(a); 
Romero v. KPH Consolidation
,
 Inc.
, 166 S.W.3d 212, 220 (Tex. 2005); 
see also In re E.A.W.S.
, No. 02-06-00031-CV, 2006 WL 3525367, at *18 (Tex. App.—Fort Worth Dec. 7, 2006, pet. denied) (mem. op.).

5:
See
 
Tex. Fam. Code Ann.
 § 263.405(b).

6:
See id.
 §263.405(i).

7:
D.W.
, 2008 WL 467328, at *12. 

8:
Craddock v. Sunshine Bus Lines, Inc.
, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

9:
See Wichita County v. Robinson
, 155 Tex. 1, 276 S.W.2d 509, 512 (1954); 
Seals v. Upper Trinity Reg’l Water Dist.
, 145 S.W.3d 291, 297 (Tex. App.—Fort Worth 2004, pet. dism’d) (“ 
A party who examines witnesses or offers testimony has made a general appearance.”).

10:
See LeBlanc v. LeBlanc
, 778 S.W.2d 865, 865 (Tex. 1989); 
In re K.C.
, 88 S.W.3d 277, 279 (Tex. App.—San Antonio 2002, pet denied).

11:
See
 
T
EX
. R. A
PP
. P. 44.1(a)
.