Ronald Alexander LeBLANC,
Petitioner,

v.

Sandra Lee LeBLANC, Respondent.

No. C–8390.

Supreme Court of Texas.

July 12, 1989.

John George, Fly, Moeller & Seel, Victoria, Tex., for petitioner.

Lisa Hartman, Kelly, Stephenson & Marr, Victoria, Tex., for respondent.

PER CURIAM.

This is an appeal from a judgment of divorce. The court of appeals has reversed the property division and remanded the cause for a new division. 761 S.W.2d 450. Among other things, husband has argued the application of *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939), to the judgment of the trial court. *Craddock* sets forth the traditional elements of proof required to obtain a new trial following a default judgment. *Id.* 133 S.W.2d at 126.

The court of appeals concluded that *Craddock* had no application to the present case because it was tried on the merits, rather than decided by default. 761 S.W.2d at 454. Citing Tex.R.Civ.P. 239, the court of appeals further explained that this was not a case of default because husband had filed an answer. *Id.* Although we agree that *Craddock* has no application here because the case was tried on the merits, we do not agree with the court of appeals' explanation. *Craddock* has general application to all judgments of default, both those "entered on failure of a defendant to file an answer and those entered on failure to appear for trial." *Ivey v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966). The present cause was decided on the merits not because husband had an answer on file, but because he was represented at trial by counsel. There was no default even though husband failed to appear personally for the trial.

The application for writ of error is denied.