DISSENTING OPINION



No. 04-01-00580-CV



IN THE INTEREST OF K.C., A.K., J.K., and D.K.



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 99-PA-00601


Honorable Andy Mireles, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Dissenting opinion by: Phil Hardberger, Chief Justice, joined by Justices López and Stone


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: July 10, 2002

 The natural right existing between parents and their children is of constitutional dimension.
Stanley v. Illinois, 405 U.S. 645, 652 (1972); Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). The
involuntary termination of parental rights involves fundamental constitutional rights that have been
characterized as "essential," "basic civil rights," and "far more precious than property rights."
Stanley, 405 U.S. at 652; Holick, 685 S.W.2d at 20. A termination decree is complete, final,
irrevocable and divests for all time that natural right. Holick, 685 S.W.2d at 20. For this reason,
termination proceedings must be strictly scrutinized. Id. "These statements are not mere form
language to be included in appellate decisions - they are statements of principles of great
constitutional and human dimension." In re M.A.N.M., 75 S.W.3d 73, 81 (Tex. App.--San Antonio
2002, no pet.) (Stone, J., dissenting).

 In recognition of the constitutional dimension of a parent's natural right, we previously held
that the Craddock test should be applied in the event a parent's absence at a termination hearing
deprived her attorney from presenting material evidence on her behalf. In re R.H., 75 S.W.3d 126,
130 (Tex. App.--San Antonio 2002, no pet.); see also Nichols v. TMJ Co., 742 S.W.2d 828, 830
(Tex. App.--Dallas 1987, no writ) (holding Craddock standards should apply "when a defendant who
was represented at trial seeks a new trial because his absence prevented his attorney from presenting
material evidence in his behalf"). The majority reverses our holding in In re R.H. citing LeBlanc v.
LeBlanc, 778 S.W.2d 865, 865 (Tex. 1989) (per curiam). Even as it relies on LeBlanc, however, the
majority notes its distinguishing feature. See In re K.C., No. 04-01-00580-CV, slip op. at p.3
(asserting Texas Supreme Court has addressed precise issue "albeit in the divorce context"). LeBlanc
involved an appeal from a judgment dividing property and awarding child support in a divorce
proceeding, not an appeal from an order terminating parental rights. See LeBlanc, 778 S.W.2d at
865.

 In terminating parental rights, a trial court must find by clear and convincing evidence that
termination is in the best interest of the child. See Tex. Fam. Code Ann. § 161.001(2) (Vernon
Supp. 2002). "The best interests of the child requires that the issues be as fully developed as
possible." Sexton v. Sexton, 737 S.W.2d 131, 133 (Tex. App.--San Antonio 1987, no writ). "[T]he
court's duty to protect [a child's] best interests should not be limited by technical rules." C__ v. C__,
534 S.W.2d 359, 361 (Tex. Civ. App.--Dallas 1976, writ dism'd w.o.j.). "Pertinent facts which may
directly affect the interests of [a child] should be heard and considered by the trial court regardless
of the lack of diligence of the parties in their presentation of the information to the court." Id. The
best interest of the child in a proceeding in which a parent's "essential" "basic" "precious" natural
right is to be terminated should override a technical bright-line rule regarding when the Craddock test
should be applied. See Little v. Little, 705 S.W.2d 153, 153 (Tex. App.--Dallas 1985, writ dism'd)
(holding best interest of the child overrides strict application of Craddock test); see also Lohmann
v. Lohmann, 62 S.W.3d 875, 879 (Tex. App.--El Paso 2001, no pet.) (technical rules are of little
importance compared to the best interest of the child); In re A.P., 42 S.W.3d 248, 254-55 (Tex.
App.--Waco 2001, no pet. h.) (holding appellate court should review complaint in parental
termination case even when complaint is not technically preserved for appellate review).

 Many well-established legal doctrines contain exceptions based on the public policy of the
State when a child's best interest is at issue. See Hill v. Hill, 819 S.W.2d 570, 572 (Tex.
App.--Dallas 1991, writ denied). Where a parent can prove that her absence at the termination
hearing deprived her attorney from presenting material evidence on her behalf, the Craddock test
should be applied. In order for a true "trial on the merits" to be held in this context, the parent must
be able to present all relevant material evidence tending to show that termination of his or her parental
rights is not in the best interest of the child.



 PHIL HARDBERGER, 

 CHIEF JUSTICE


PUBLISH