No. 04-01-00580-CV



IN THE INTEREST OF K.C., A.K., J.K., and D.K.



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 99-PA-00601


Honorable Andy Mireles, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Dissenting opinion by: Phil Hardberger, Chief Justice (joined by Justices López and Stone)


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: July 10, 2002


AFFIRMED

 Kathreen Cruz appeals the trial court's judgment terminating the parent-child relationship
between her and her four children. On our own initiative, we have considered this case en banc to
reconsider our recent holding in In re R.H., 75 S.W.3d 126, 130 (Tex. App.-San Antonio 2002, no
pet.), that a party who does not appear at trial may avail herself of the procedure set forth in
Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939), for setting aside a default
judgment even though the party was represented at trial. Following the opinion of the Supreme Court
of Texas in LeBlanc v. LeBlanc, 778 S.W.2d 865 (Tex. 1989) (per curiam), we now hold Cruz is not
entitled to invoke the Craddock procedure and therefore overrule In re R.H. to the extent it conflicts
with LeBlanc and this opinion.

Factual and Procedural Background


 The Texas Department of Protective and Regulatory Services filed a petition seeking to
terminate the parent-child relationship between Cruz and her children. Cruz did not appear at the first
day of the ensuing bench trial because of a miscommunication; and she did not appear at the second
day of trial because of car trouble. After the trial court signed a judgment terminating the parent-child
relationship between Cruz and her children, Cruz filed a motion for new trial alleging her failure to
appear at trial was not intentional, she had a meritorious defense, and a new trial would not cause
delay or injury to the Department. After a brief hearing, the motion was denied.

Applicability of Craddock


 Cruz argues the trial court abused its discretion in denying her motion for new trial because
it met the requirements of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126
(Tex. 1939), in which the supreme court held that a trial court abuses its discretion in denying a
motion for new trial seeking to set aside a default judgment if the movant establishes: (1) the failure
to answer "was not intentional or the result of conscious indifference ..., but was due to a mistake or
an accident"; (2) a meritorious defense; and (3) the motion for new trial "is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to the plaintiff." Craddock, 133
S.W.2d at 126. A panel of this court recently held that Craddock applies in a termination case, "given
the constitutional nature of the rights involved," when the defendant's attorney, but not the defendant,
appears at trial; and the defendant contends "that her absence deprived her attorney from presenting
material evidence on her behalf." In re R.H., 75 S.W.3d 126, 130 (Tex. App.-San Antonio 2002, no
pet.). One justice dissented. See id. at 132 (Marion, J., dissenting).

 The Supreme Court of Texas addressed this precise issue in LeBlanc v. LeBlanc, 778 S.W.2d
865, 865 (Tex. 1989) (per curiam), albeit in the divorce context. In LeBlanc the husband's attorney,
but not the husband, appeared for trial. LeBlanc v. LeBlanc, 761 S.W.2d 450, 454 (Tex.
App.-Corpus Christi 1988), application for writ of error denied, 778 S.W.2d 865 (Tex. 1989) (per
curiam). On appeal, the husband argued the trial court abused its discretion in denying his motion for
a new trial because it met the requirements of Craddock and "his failure to appear deprived the court
of relevant information." 761 S.W.2d at 454. The court of appeals held that Craddock did not apply,
because the case had been tried on the merits. Id. In so doing, the court erroneously stated that the
case was not one of default because the husband had timely filed an answer. Id. 

 In denying the husband's application for writ of error, the supreme court corrected the court
of appeals' mistaken view that Craddock only applies in no-answer default cases. "Craddock has
general application to all judgments of default, both those 'entered on failure of a defendant to file
an answer and those entered on failure to appear for trial.'" 778 S.W.2d at 865. Significantly,
however, the supreme court expressly stated its agreement with the court of appeals' conclusion that
"Craddock has no application here because the case was tried on the merits." Id.

 Here, as in LeBlanc, the party's attorney, but not the party, appeared for trial; and a trial on
the merits was conducted. Therefore here, as in LeBlanc, there was no default and no basis for
applying Craddock. See id. We therefore overrule the panel's decision in In re R.H. to the extent it
conflicts with this opinion and hold that, because Cruz is not entitled to avail herself of Craddock,
the trial court did not abuse its discretion in denying her motion for new trial.

Factual Sufficiency of the Evidence


 Cruz does not challenge the trial court's findings that she "knowingly placed or knowingly
allowed the children to remain in conditions or surroundings which endanger the physical or
emotional well-being of the children"; she "engaged in conduct or knowingly placed the children with
persons who engaged in conduct which endangers the physical or emotional well-being of the
children"; and she "failed to comply with the provisions of a court order that specifically established
the actions necessary for [her] to obtain the return of the children." See Tex. Fam. Code Ann. §§
161.001(1)(D), 161.001(1)(E), 161.001(1)(O) (Vernon Supp. 2001). She argues only that the
evidence is factually insufficient to support the trial court's finding that termination is in the children's
best interest. See id. at § 161.001(2). We disagree.

 The trial court's best interest finding is amply supported by the testimony of the Department's
supervisor, caseworkers, and mental health specialist, as well as the CASA volunteer appointed to
the case, that termination is in the children's best interest so that their basic needs are met and further
abuse is avoided. We do not doubt that Cruz loves her children. Nor do we doubt that the children
are concerned about being separated from their mother - the evidence upon which Cruz relies to
support her factual sufficiency argument. But neither Cruz's love for her children nor their love for
her obviates the fact that Cruz is unable to provide her children with a safe, stable home. We therefore
affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Publish