# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00833-CV

**C.B., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 255,526-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

C.B. appeals the trial court's decree terminating her parental rights to her child, R.R., following a bench trial.[1]  C.B. contends that the trial court abused its discretion in denying her motion for new trial and request to set aside the default decree.  Because we conclude that the trial court did not abuse its discretion, we affirm the trial court's decree.

### FACTUAL AND PROCEDURAL BACKGROUND

The Texas Department of Family and Protective Services filed its petition seeking termination of C.B.'s parental rights as to R.R. and/or managing conservatorship of R.R.[2] and obtained emergency orders appointing the Department temporary managing conservator until a

---

[1] We use initials to refer to appellant and her child.  *See* Tex. R. App. P. 9.8.

[2] The Department also sought termination of the father's parental rights, an issue not part of this appeal.

hearing could be held.[3]  *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2012).  C.B. appeared at the initial show cause hearing with her court-appointed attorney, and the trial court named the Department temporary managing conservator.[4]  After C.B. failed to appear at four subsequent hearings, the trial court continued the temporary orders and set the case for final hearing.  C.B. did not appear at the final hearing, but her attorney appeared and announced not ready because of C.B.'s absence. The trial court proceeded with the hearing, and C.B.'s attorney participated by cross-examining the Department's single witness, declining to offer any evidence, and presenting a closing argument.

The associate judge determined that C.B.'s parental rights should be terminated, finding by clear and convincing evidence that C.B. had endangered the physical and emotional well-being of R.R., *see id.* § 161.001(1)(E), and had failed to complete the family service plan, *see id.* § 161.001(1)(O), and that termination of C.B.'s, and the father's, parental rights was in the best interest of R.R., *see id.* § 161.001(2), and appointed the Department permanent managing conservator of R.R.  C.B. filed a Motion for New Trial and Motion to Set Aside Default Judgment. At the hearing on the motion, at which C.B. appeared and testified, the associate judge noted that C.B. had failed to attend at least five hearings prior to the entry of the decree.  Observing that the basis of the motion for new trial was that C.B. did not appear, he found that her nonappearance at the final hearing was consistent with her behavior throughout the case and denied the motion for new trial.  This appeal followed.

---

[3]  The facts recited herein are taken from the record on appeal.  We accept as true the facts stated in the briefs that are not contradicted by another party.  *See* Tex. R. App. P. 38.1(g).

[4]  All matters in the case were handled by an associate judge.

**DISCUSSION**

In a single issue, C.B. argues that the trial court abused its discretion by denying her motion for new trial when the uncontroverted evidence established the *Craddock* factors necessary to set aside the order. *See Craddock v. Sunshine Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) (establishing three-pronged test defendant must meet to set aside default judgment). The disposition of a motion for new trial is within the trial court's sound discretion; we will not disturb the court's ruling absent an abuse of that discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements of the *Craddock* test. *See Craddock*, 133 S.W.2d at 126; *see also Leblanc v. Leblanc*, 778 S.W.2d 865, 865 (Tex. 1989) (per curiam) (holding *Craddock* applies to all judgments of default whether entered after failure to file answer or failure to appear after filing answer).

In this case, however, there was no default judgment. C.B. was represented by counsel, who appeared on her behalf and participated in the trial on the merits, and therefore the *Craddock* test does not apply. *See Leblanc*, 778 S.W.2d at 865 (*Craddock* inapplicable because no default where husband did not appear personally but was represented at trial by counsel); *Velasco v. Ayala*, 312 S.W.3d 783, 791 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (no default where defendant did not appear but was represented by attorney ad litem at trial); *In re K.C.*, 88 S.W.3d 277, 279 (Tex. App.—San Antonio 2002, pet. denied) (mother could not invoke

3

*Craddock* procedure because no default where mother did not appear but her attorney appeared for trial and trial on merits was conducted); *cf. In re R.R.*, 209 S.W.3d 112, 114–17 (Tex. 2006) (per curiam) (applying *Craddock* factors where mother received termination petition while in jail, did not answer or make appearance, and was unrepresented at hearing); *In re K.B.A.*, 145 S.W.3d 685, 691–92 (Tex. App.—Fort Worth 2004, no pet.) (applying *Craddock* test where pro se father filed letter in answer to petition, did not appear at hearing, and was not represented at hearing); *In re C.M.D. & H.M.A.*, No. 02-12-00237-CV, 2012 Tex. App. LEXIS 9825, at *7–15 (Tex. App.—Fort Worth Nov. 29, 2012, no pet.) (mem. op.) (applying *Craddock* factors where parents did not appear for trial, trial court granted their attorney's motion to withdraw, and hearing proceeded with parents unrepresented). Here, because there was no default, the trial court did not abuse its discretion in denying C.B.'s motion for new trial. *See Williams*, 313 S.W.3d at 813; *Leblanc*, 778 S.W.2d at 865. We overrule C.B.'s single issue on appeal.

## CONCLUSION

Having overruled C.B.'s sole issue on appeal, we affirm the trial court's decree of termination.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: April 11, 2013