

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00013-CV

IN THE INTEREST OF M.D.W., A
CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

After a bench trial from which Appellant G.W. (Father) was voluntarily absent, the visiting trial judge sitting for the trial court found by clear and convincing evidence that Father, among other things,

> 8.1.1. knowingly placed or knowingly allowed [M.D.W.] to remain in conditions or surroundings which endanger [his] physical or emotional well-being . . . ;
>
> 8.1.2. engaged in conduct or knowingly placed [M.D.W.] with persons who engaged in conduct which endangers [his] physical or emotional well-being . . . [;]

---

[1]*See* Tex. R. App. P. 47.4.

. . .

    9.4.3. knowingly engaged in criminal conduct that has resulted in [his] conviction of an offense and confinement or imprisonment and inability to care for [M.D.W.] for not less than two years from the date of filing the petition; and

    9.4.4. [had] been convicted or ha[d] been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the . . . serious injury of a child under the following sections of the Penal Code . . . :

    . . .

    § 22.011 (sexual assault).

The trial court also found by clear and convincing evidence that termination of the parent-child relationship between Father and M.D.W. was in M.D.W.'s best interest. Based on its findings, the trial court terminated Father's parental relationship with M.D.W.

Father does not challenge the sufficiency of the evidence to support the termination of his parental relationship with M.D.W. Instead, he contends that the trial court erred by not removing his appointed counsel and by denying his motion for continuance and motion to extend the dismissal deadline. Because we hold that the trial court did not reversibly err, we affirm the trial court's judgment.

After the Texas Department of Family and Protective Services (TDFPS) announced ready for trial, Father's appointed trial counsel argued an oral motion to withdraw, a written motion for continuance, and a written motion to extend the

2

dismissal deadline.  The written motions had been filed by trial counsel at 1:55 p.m. and 1:54 p.m. that day respectively, minutes before the scheduled trial setting and less than two hours before the trial actually began.  Father's trial counsel argued in support of the motions:

> My client's currently incarcerated.  He asked that I file a motion for a continuance for him.  He's eligible for parole in either January or March [2013; that] is when his next hearing is scheduled for, so he asked me to file a motion for continuance hoping that he would get out and also for the motion for extension to give him a little more time to try to get paroled out of prison so he has a chance to get his son back.

> We'd also ask that I withdraw from the case, and that's in the letter that I just had admitted into evidence in Respondent's Exhibit Number One.  He's doing what he can do while he's in prison trying to be able to get his child when he gets out.  I have not received any of the certificates or anything on the stuff that he's done while he's been in there, but he stated in the letter that he's doing everything he can so that when he gets out he has a chance to try to get his son back, and I'd ask that the continuance be granted and the same with the motion for the extension of the dismissal date.  He'd like to have time to be paroled out and be able to work the services and stuff that he needs to do to try to get his son back, so I would ask that he be granted a six-month extension to try to get to where he can get out and work his plan.

The trial court denied the written motions explicitly and implicitly denied the motion to withdraw by having counsel participate in trial.[2]

---

[2]See Tex. R. App. P. 33.1(a)(2)(A); *Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006) ("Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge." (citations omitted)); *In re P.D.M.*, 117 S.W.3d 453, 455 (Tex. App.—Fort Worth 2003, pet. denied) (noting that by designating father as temporary managing conservator, trial court implicitly denied grandmother's three motions related to her quest for conservatorship).

In his first issue, Father contends that the trial court erred by not removing his appointed trial counsel. As the Supreme Court of Texas has explained, when an attorney has been appointed in a termination case, he "cannot withdraw without good cause and the court's permission, and withdrawal is subject to ethical restrictions."[3] We review the trial court's decision denying the oral motion to withdraw for an abuse of discretion.[4]

As Father concedes, during the pendency of the case, he waffled between wanting different appointed counsel and wanting to represent himself pro se. While he sent letters to the trial court seeking the removal of his appointed counsel on more than one occasion, he did so ex parte, and the trial court properly did not act on them.[5]

---

[3]*In re B.G.*, 317 S.W.3d 250, 254 (Tex. 2010) (citations omitted).

[4]*See Harrison v. Harrison*, 367 S.W.3d 822, 826 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Elder v. Tex. Dep't of Family and Protective Servs.*, No. 03-10-00876-CV, 2011 WL 4424299, at *3 (Tex. App.—Austin Sept. 20, 2011, no pet.) (mem. op.); *Sims v. Fitzpatrick*, 288 S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

[5]*See* Tex. Code Jud. Conduct, Canon 3(B)(8), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (West 2013) ("A judge shall not initiate, permit, or consider *ex parte* communications or other communications made to the judge outside the presence of the parties between the judge and a party, an attorney, a guardian or attorney ad litem, an alternative dispute resolution neutral, or any other court appointee concerning the merits of a pending or impending judicial proceeding.").

Even if Father's argument that he had a constitutional right to proceed at trial pro se were correct,[6] an argument that we need not resolve,[7] the evidence indicates that Father intentionally chose not to proceed at trial. He "sent the Courts a motion to wa[i]ve [his] rights to be at the hearing on [D]ec[.] 17th[,]" and he "tried [himself] to stop the bench warrant." Father's mother testified that he did not want to physically appear at trial because he was afraid that he would lose his housing placement in prison and concerned that he would be sent to a different unit:

> Q    [by Father's trial counsel] And, at first, [Father] wanted to be brought back for this hearing, is that correct?
>
> A    Yes, sir, he did.
>
> Q    And then you contacted me and I also received several letters stating that he didn't want to come back and also that he was scared he would lose his spot at where he was housed in prison and could be sent somewhere else, is that correct?
>
> A    Correct.

Father appears to argue that the trial court abused its discretion by refusing to remove his appointed counsel because without that counsel (or new counsel), Father would have been able to raise potential error on appeal related to his absence from trial and a post-answer default judgment. With

---

[6] *See Faretta v. California*, 422 U.S. 806, 818–21, 95 S. Ct. 2525, 2533–34 (1975). *But see In re A.H.L.*, 214 S.W.3d 45, 52 (Tex. App.—El Paso 2006, pet. denied) (holding that a right to self-representation is not a necessary component of a fair parental rights termination trial).

[7] *See* Tex. R. App. P. 47.1.

representation at a trial on the merits, that potential ground evaporated.[8] We are not going to fault a trial judge for striving to complete an errorless trial on the merits in any case, and certainly not in a parental rights termination case. Because the evidence shows that Father deliberately absented himself from trial, we cannot say that the trial court abused its discretion by not finding good cause for the removal or withdrawal of his appointed trial counsel. We overrule Father's first issue.

In his second issue, Father contends that the trial court erred by denying his motion for continuance. We review the trial court's denial of a continuance for an abuse of discretion.[9] Although verified by appointed counsel, the motion was not filed until December 17, 2012, the day trial began. The motion was therefore untimely under local rule 3.02.[10]

---

[8] *See LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989) (explaining that judgment was not post-answer default judgment because notwithstanding husband's absence, his counsel appeared and represented husband at trial).

[9] *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *see In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

[10] *See* Tarrant (Tex.) Loc. R. 3.02 ("A trial date cannot be postponed or changed without the consent of the Court. Except as hereinafter provided and unless otherwise set by the Court, any motion for continuance will be filed no later than the Wednesday preceding the trial date and will be heard by the Court in the courtroom at 2:00 p.m. on the Thursday preceding the trial date. Any motion for continuance based upon facts which occur on or after the Wednesday preceding the trial date will be filed as soon as possible and will be heard at a time to be set by the Court.").

Additionally, the motion lacks detail. The motion for continuance provides that Father had been incarcerated since May 18, 2012 and "need[ed] additional time to complete the services set forth in the plan"; that he "ha[d] a parole hearing scheduled and would like additional time to complete services set forth in the plan" if he was paroled; that he "ha[d] requested new counsel"; and that "[t]he . . . continuance . . . [was] not sought for the purpose of delay." The motion provided no specifics regarding any steps completed by Father on his service plan.

In arguing the motion, Father's counsel presented little more in the way of detail, noting that Father was eligible for parole in either January or March 2013 and had asked his appointed trial counsel to file the motion for continuance and motion for extension to get "a little more time to try to get paroled out of prison so he has a chance to get his son back." Conceding that he had no proof, Father's appointed trial counsel stated that based on what Father had told him, Father had done what he could to complete the service plan while imprisoned.

Among other things, the service plan required Father to "seek resources, such as, counseling, parenting, and family therapy through the Texas Department of Criminal Justice while . . . incarcerated"; to "communicate all completions and certificates of courses while . . . incarcerated" to the CPS caseworker; and to "stay in contact with the CPS caseworker [throughout] the case."

Without citing any authority or evidence, Father states in his brief that he would not have been able to effectively work the services while in prison. In the interest of clarity, we note that the CPS caseworker testified at trial that Father had confirmed by letter that he had received the service plan in the mail, that that had been their only contact, that she was not aware of any counseling or therapy that he had obtained during his incarceration, and that Father had not sent her any proof that he had completed any portion of his service plan.

Rule 251 of the civil rules of procedure provides that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."[11] Further, we have repeatedly held that when a parent, through his own choices, fails to comply with a service plan and at the time of the termination trial requests a continuance or an extension of the statutory dismissal deadline in order to complete the plan, the trial court does not abuse its discretion by denying the continuance or extension.[12] The evidence here shows that Father had not completed any portion of his service plan, including maintaining contact with CPS, despite the fact that he had received a copy of the service plan almost seven months before trial. We therefore follow

---

[11]Tex. R. Civ. P. 251.

[12]*See, e.g., In re C.D.S.-C.*, No. 02-12-00484-CV, 2013 WL 1830398, at *15 (Tex. App.—Fort Worth, May 2, 2013, no pet. h.) (mem. op.); *In re K.P.*, No. 02-09-00028-CV, 2009 WL 2462564, at *4 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op.); *In re M.M.F.*, No. 02–08–00014–CV, 2008 WL 5265033, at *13 (Tex. App.—Fort Worth Dec. 18, 2008, no pet.) (mem. op.).

our precedent, hold that the trial court did not abuse its discretion by denying Father's motion for continuance, and overrule his second issue.

In his third issue, Father contends that the trial court erred by denying his motion to extend the dismissal deadline. As we explained in *In re L.E.M.*,

> Section 263.401 of the family code provides,
>
> > (a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.
> >
> > (b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a).
>
> Because an extension of the dismissal date is similar to a continuance and section 263.401(b) does not specify which appellate standard of review should apply, we apply the abuse of discretion standard.[13]

---

[13]*In re L.E.M.*, No. 02-11-00505-CV, 2012 WL 4936607, at *16 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.) (citations omitted).

Given the evidence detailed above, we cannot say that the trial court abused its discretion by failing to find that extraordinary circumstances justified a six-month extension of the dismissal deadline.[14]  We overrule Father's third issue.

Having overruled Father's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  June 27, 2013

---

[14]*See In re A.J.M.*, 375 S.W.3d 599, 604–05 (Tex. App.—Fort Worth 2012, pet. denied) (op. on reh'g en banc) (upholding trial court's denial of extension to incarcerated father who contended with no proof that his incarceration had prevented compliance with service plan); *Shaw v. Tex. Dep't of Family & Protective Servs.*, No. 03-05-00682-CV, 2006 WL 2504460, at *8 (Tex. App.—Austin Aug. 31, 2006, pet. denied) (mem. op.) (holding mother did not show that needing more time after failing to make progress on the service plan for eight months amounted to extraordinary circumstances).