**IN the INTEREST OF G.B.A., a Child**

**No. 06-17-00049-CV**

Court of Appeals of Texas, Texarkana.

Date Submitted: August 22, 2017

Date Decided: August 30, 2017

---

Nicholas Stallings, Moore Law Firm, LLP, 100 North Main St., Paris, TX 75460, for appellant.

W. T. Allison, II, Attorney at Law, P O Box 276, Sulphur Springs, TX 75483–0276, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Chief Justice Morriss

In 2016, Glenn Gary Armstrong petitioned the County Court at Law of Hopkins County to end or reduce the child-support wage-withholding order entered in favor of his ex-wife, Marsha Cochran, in 2005. The hearing on his petition turned out badly for him. First, the attorney he had retained failed to show up at the hearing—later explaining that he had erroneously calendared the hearing date. Then, even after Armstrong, representing himself at the hearing, had provided evidence and argued his position, the trial court denied his requests and continued the wage-withholding order. The trial court even rejected Armstrong's subsequent motion for new trial.

On appeal, Armstrong argues only that his motion for new trial was erroneously overruled because he had met all parts of the test set out by *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), to have a new trial on what he claims was a default judgment. Because Armstrong did not suffer a default judgment and because Armstrong does not urge any other appellate points, we affirm the trial court's order.

The salient history of the case will provide the reader context for better understanding this opinion. Armstrong and Cochran had been divorced in 2001, and Armstrong had been ordered to pay child support in the amount of $560.00 per month. In 2005, on Cochran's motion to enforce Armstrong's child support obligation, the trial court had entered a judgment for arrears and an order for the income withholding.

Although Armstrong's retained counsel had been properly notified of the date of the final hearing on Armstrong's 2016 motion to terminate or modify the prior order of the court, counsel failed to appear at the time set for the hearing. Before the trial court heard any evidence or arguments at the hearing, Armstrong confirmed to the trial court that his counsel had been made aware of the final hearing. The trial court informed Armstrong that there was no motion for continuance and that he was to represent himself. Therefore, Armstrong, without the presence of his counsel, argued the merits of his petition, testified about his income and expenses, and explained why he was asking the trial court to terminate or modify its prior income-withholding order. While the hearing was proceeding, Armstrong's counsel sent a message to the trial court that he had "calendared wrong" and was on his way. Armstrong continued to testify and to represent himself. After the hearing concluded and the trial court denied Armstrong's requested relief, Armstrong's attorney arrived at the courthouse.

Armstrong filed a motion for new trial, arguing only factors listed in the *Craddock*

test, which apply to default judgments.[1] The trial court held a hearing on Armstrong's motion for new trial, giving counsel an opportunity to explain his failure to appear in time for the hearing. Counsel's unsworn argument stated that he had mistakenly calendared the 9:00 a.m. hearing for 1:00 p.m. on the same date. Counsel further argued facts supporting Armstrong that were introduced at the final hearing. The trial court denied Armstrong's motion for new trial.

When considering the denial of a motion for new trial, we use an abuse-of-discretion standard. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Action Powersports, Inc. v. 1STEL, Inc.*, 500 S.W.3d 632, 639 (Tex. App.—Texarkana 2016, no pet.). An abuse of discretion occurs in the refusal to grant a new trial from a default judgment when all elements of the *Craddock* test are met. *Evans*, 889 S.W.3d at 268.

■ Under *Craddock*,

a default judgment should be set aside and a new trial ordered where (1) the failure leading to default was not intentional or the result of conscious indifference, but was due to mistake or accident; (2) the defendant has set up a meritorious defense to the plaintiff's claim; and (3) granting a new trial will not cause delay or otherwise work injury to the plaintiff.

*In re Britt*, No. 06-16-00074-CV, 2016 WL 9175819, at *2 (Tex. App.—Texarkana Nov. 29, 2016, orig. proceeding) (citing *Craddock*, 133 S.W.2d at 126).

■ On appeal, Armstrong does not argue the merits of his petition to terminate or modify the trial court's prior income-withholding order. Nor does he argue that the trial court's judgment denying his petition was in error. Instead, he argues only that he meets the elements of the *Craddock* test and that the current withholding for child support "is causing serious financial strain."

■ Because Armstrong was present at and engaged in the final hearing, the judgment entered by the trial court was not a default judgment.[2] Armstrong was the movant on his petition and argued the merits of his motion at the hearing. *Craddock* does not apply when a case is tried on the merits, because the judgment entered is not a default judgment. *LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989); *see Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002); *Hyperoam, Inc. v. Valley Wireless Internet*, No. 13-04-180-CV, 2005 WL 1981505, at *4 (Tex. App.—Corpus Christi Aug. 18, 2005, no pet.) (mem. op.) (when *Craddock* does not apply, "there is no basis to grant the motion for new trial based on its standards").

The trial court did not abuse its discretion in overruling Armstrong's motion for new trial. Accordingly, we overrule Arm-

---

1. *Craddock*, 133 S.W.2d at 126.

2. There are two types of default judgments, one that results from no answer being filed and one resulting after an answer has been filed but a later default occurs, such as a party entirely not appearing for trial or having an answer struck. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 925, 930 (Tex. 2009). If a defendant has filed an answer, a no-

answer default judgment is inappropriate. *See Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam). If an answer is on file, evidence must be presented to prove plaintiff's claims. *Lerma*, 288 S.W.3d at 930; *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Here, an answer was filed and evidence was taken. This does not fit the definition of a default judgment.

strong's point of error and affirm the trial court's judgment.