**AFFIRMED; Opinion Filed September 30, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00392-CV

## IN THE INTEREST OF M.M.M. AND C.N.M., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-l7-09018**

# MEMORANDUM OPINION
Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Molberg

B.M., who is incarcerated and appears here pro se, appeals the trial court's March 7, 2019

post-answer default judgment terminating his parental rights to M.M.M. and C.N.M., the minor

children. In four issues,[1] B.M. asks us to reverse and remand, arguing that he was denied notice,

a fair trial, and due process. We overrule his four issues and affirm the trial court's judgment.

## BACKGROUND

B.M. is the biological father of M.M.M. and C.N.M. M.Y. is the children's mother.

B.M. appeals the trial court's March 7, 2019 order of termination, in which the court found

by clear and convincing evidence that the termination of the parent–child relationship between

---

[1] In his first issue, B.M. argues that the record does not show he was served proper notice of the final hearing or trial. Second, he argues the trial court and opposing counsel held an ex parte bench conference off the record, denying him the right to a fair trial at a critical phase. Third, he argues the trial court failed to make a record of proceedings in a suit affecting the parent–child relationship, interfering with his ability to have this case reviewed on appeal. Fourth, he argues the trial court denied him due process by failing to afford him any opportunity to appear and be heard.

B.M. and the minor children was in the children's best interests and that B.M. had done the following:

- engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the physical or emotional well-being of the children;

- failed to support the children in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition;

- knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the date the petition was filed; and

- knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the physical or emotional well-being of the children.

*See* TEX. FAMILY CODE ANN. § 161.001(b).

During the trial, M.Y. testified that in April 2017, during an argument with B.M. at their home, B.M. pointed a gun to his head, walked towards her and M.M.M., and told M.Y. that she needed to take the kids somewhere so they would not see what was going to happen. M.Y. testified that her mother took the kids to another area in the home while M.Y. contacted law enforcement, who negotiated the gun away from B.M. and took him to a hospital. Soon thereafter, M.Y. filed her original petition, seeking temporary orders, conservatorship of the children, and support for the children. On May 31, 2017, the trial court entered a protective order.

On June 20, 2017, after M.Y. dropped off the children at daycare, B.M. shot at M.Y. in her vehicle in the daycare parking lot. M.Y. escaped without injury but drove the wrong way in traffic in order to get away. B.M. was arrested and ultimately pleaded guilty to various state and federal criminal charges in connection with that event. B.M. has been incarcerated since 2017.

M.Y. filed an original petition to terminate B.M.'s parental rights to M.M.M. and C.N.M in April 2018. The trial court appointed an amicus attorney for the children under Texas Family Code section 107.021(a)(1), and B.M. answered. He was initially represented by counsel, but his

counsel withdrew in August 2018. B.M. later moved for appointment of new counsel, which the trial court denied.

Trial was originally set for September 19, 2018. A constable personally served B.M. with notice of that trial setting on June 13, 2018, ninety-eight days in advance. The trial date was then reset twice, finally to March 7, 2019. M.Y.'s counsel served B.M. with notice of the March 7, 2019 trial setting by certified mail[2] and other means on February 6, 2019, twenty-nine days before trial.[3]

B.M. did not appear at trial, but his mother did. At the outset, the trial court, M.Y.'s counsel, and the amicus attorney discussed B.M.'s absence, and the amicus attorney indicated that she had received a copy of certain materials from B.M. that had not yet been filed with the court or received by M.Y.'s counsel.

During the trial, the court received evidence, found B.M. in default, concluded that B.M. had failed to appear after receiving notice of the trial setting, and granted M.Y. all requested relief, including termination of B.M.'s parental rights.

B.M.'s mother did not testify or present any evidence at trial. After the court announced its ruling, she made a statement to the court, informing the court that she had a receipt showing that B.M.'s February 21, 2019 materials were received by the clerk on March 4, 2019. This receipt was not offered or admitted into evidence in the trial court. The clerk filed B.M.'s materials on March 11, 2019, after the trial had concluded and the court entered the default judgment.[4]

---

[2] The certified letter was addressed to B.M. with his state identification number and delivered to the front desk/reception/mail room area of the Huntsville Unit of the Texas Department of Criminal Justice on February 11, 2019, twenty-four days prior to trial. Although B.M. contends this merely shows delivery to the unit, not to him personally, he submitted no proof below or in this appeal denying that he received notice.

[3] The trial court's coordinator served B.M. with notice of the March 7, 2019 setting by email on January 31, 2019 (thirty-five days prior to trial), but B.M. indicates in his reply brief that by that time, he was in state custody and no longer had access to email.

[4] These handwritten materials, dated February 21, 2019 and filed March 11, 2019, were included in a document entitled "Motion for Issuance of Bench Warrant or In Alternative for Continuance" in which B.M. sought a bench

B.M. timely filed a notice of appeal[5] and asks us to reverse and remand. We affirm the trial court's judgment for the reasons explained below.

## DISCUSSION

### B.M.'s Failure to Seek a New Trial Below

After the court entered its order terminating his parental rights, B.M. filed this appeal but did not file a motion for new trial in the trial court. Had he done so, to have his post-answer default judgment set aside and a new trial ordered, B.M. would have had to (1) show his failure to appear was not intentional or the result of conscious indifference but instead was due to a mistake or accident, (2) set up a meritorious defense, and (3) file the motion at such a time when granting a new trial would not result in delay or otherwise injure M.Y. *See In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006) (citing and applying *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) in parental rights termination case in no-answer default context); *see also LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989) (per curiam) ("*Craddock* has general application to all judgments of default, both those 'entered on failure of a defendant to file an answer and those entered on failure to appear for trial.'") (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)).[6] B.M. filed no motion for new trial in the trial court, submitted no proof to satisfy any of these elements, and waived appellate review. *See In re X.C.J.*, No. 05-18-01233-CV, 2019 WL

---

warrant to attend the trial, or alternatively, a continuance or for leave to participate in the trial by teleconference or videoconference. The trial court issued no ruling on this motion, and B.M. submitted no objection in the trial court before filing this appeal. None of the matters raised in this appeal were included in those materials.

[5] B.M. filed his notice of appeal on April 2, 2019, twenty-six days after the trial court's March 7, 2019 order terminating his parental rights. Although this was six days after his notice of appeal was due under Texas Rules of Appellate Procedure 26.1(b) and 28.4(a), B.M. sought, and we granted, an extension of time to file this appeal under Texas Rules of Appellate Procedure 10.5(b) and 26.3.

[6] We acknowledge that when there is proof that the defaulting party was not given notice of a trial setting, a trial court may set aside the default judgment without considering the second and third *Craddock* factors. *See Memphis, Inc. v. Coggswell*, No. 05-07-01605-CV, 2009 WL 692679, at *1 (Tex. App.—Dallas Mar. 18, 2009, pet. denied) (citing *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)). In this case, however, no such proof exists, as B.M. submitted no proof to the trial court that he received no notice of the March 7 trial re-setting.

2336876, at \*3 (Tex. App.—Dallas June 3, 2019, no pet.) ("By failing to file a motion for new trial, [f]ather waived appellate review of his lack-of-notice due process complaint.")

## Trial Notice and Related Waiver

In his first issue, B.M. argues that the record does not show he was served proper notice of trial. We overrule this issue because he did not preserve this issue for appeal and because the record shows he was served with proper notice under Texas Rule of Civil Procedure 245.

As a matter of due process under the Fourteenth Amendment to the U.S. Constitution, a party who has entered an appearance in a contested case is entitled to notice of the trial setting. *In re C.P.*, No. 05-19-00044-CV, 2019 WL 2723803 (Tex. App.—Dallas July 1, 2019, no pet.) (mem. op.) (citing *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam)). In a contested case, if a party files a timely answer or otherwise makes an appearance, "due process rights are violated when a judgment is subsequently entered without the party having received notice of the setting of the case." *In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87 (Tex. 1988)).

Termination of parental rights proceedings follow the same procedures for contested hearings "as . . . civil cases generally." TEX. FAM. CODE ANN. §§ 101.032, 105.003; *In re L.G.T.*, No. 05-17-00140-CV, 2017 WL 2729958, at \*4 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.). Thus, a party who has filed an answer in a lawsuit seeking termination of parental rights is entitled to no less than forty-five days' notice of the trial setting. TEX. R. CIV. P. 245. When a case previously was set for trial, the trial court "may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties." *Id*.; *Gillham v. Sanchez*, No. 05-17-01449-CV, 2019 WL 2082466, at \*4 (Tex. App.—Dallas May 13, 2019, pet. denied) (mem. op.). Courts consider the facts of each case to determine what reasonable notice is for a second (or later) trial setting under rule 245. *See Ivey v. Ivey*, No. 05-07-01311-CV, 2009 WL 1299131,

at *2 (Tex. App.—Dallas May 12, 2009, pet. denied) (mem. op.) (citing *O'Connell v. O'Connell*, 843 S.W.2d 212, 215 (Tex. App.—Texarkana 1992, no writ).

Notice may be either actual or constructive, as long as it is reasonably calculated under the circumstances to apprise the party of the pendency of the action and to provide an opportunity to present objections. *Peralta*, 485 U.S. at 84; *see also Delgado v. Tex. Workers' Comp. Ins. Fund*, No. 03-03-00621-CV, 2006 WL 663903, at * 7 (Tex. App.—Austin Mar. 17, 2006, no pet.) (mem. op.). Among other methods, notice may be served by delivering a copy to the party in person, by mail, and by email. TEX. R. CIV. P. 21a; *In re L.G.T.*, 2017 WL 2729958, at *4.

While the issue can be waived, in the absence of waiver, failure to give proper notice "constitutes lack of due process and is grounds for reversal for new trial." *Id*. (citing *Custom-Crete, Inc. v. K-Bar Servs. Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.).

Here, however, B.M. waived the issue. To preserve argument for appellate review, B.M. had to make a timely request, objection, or motion to the trial court with sufficient specificity to make the court aware of the complaint and show either that the trial court ruled on the request, objection, or motion or refused to rule and that he objected to such refusal. *See* TEX. R. APP. P. 33.1(a); *Stallworth v. Stallworth*, 201 S.W.3d 338, 346 (Tex. App.—Dallas 2006, no pet.) ("to preserve a complaint on appeal, the party must present a timely request, objection, or motion, state the specific grounds for the ruling, and obtain a ruling or object to the refusal to make such a ruling.") B.M. failed to do this, thereby waiving appellate review. *See Gillham,* 2019 WL 2082466, at *4 (where appellant failed to object to the trial court's changing of the trial date, no error was preserved for appellate review); *see also Abend v. Fed. Nat'l Mortg. Ass'n*, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("To preserve a complaint about non-compliance with the notice requirement of Rule 245, a party must object to the untimely notice.") (citing cases).

Waiver is possible, and preservation of error is required, even when important constitutional questions are at stake. "[T]he rules governing error preservation must be followed in cases involving termination of parental rights, as in other cases in which a complaint is based on constitutional error." *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2008); *see also In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (waiver in parental rights context, where court noted, "allowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved."); *Texas Dep't of Protective and Regulatory Servs. v. Sherry*, 46 S.W.3d 856, 860–61 (Tex. 2001) (waiver in paternity context); *In re A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at *9 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.) (waiver in divorce context).

Finally, even if B.M. had not waived the issue, his assertions regarding notice and the record here are incorrect. For documents that are not filed electronically, Texas Rule of Civil Procedure 21a allows such items to be served in person, by mail, by email, and by other means. Notice properly sent in compliance with rule 21a "raises a presumption that notice was received." *See In re L.G.T.*, 2017 WL 2729958, at *4 (citing *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam)).

In *Cliff v. Huggins*, 724 S.W.2d 778 (1987), the Texas Supreme Court stated:

> Thus, Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee. *See Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854 (Comm'n App. 1942, opinion adopted). This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law. *Id.*, 159 S.W.2d at 857. The presumption, however, is not "evidence" and it vanishes when opposing evidence is introduced that the letter was not received.

*Id*. at 780.

Here, the record reflects that (1) B.M. was personally served with notice of the initial trial setting more than forty-five days before trial and (2) M.Y.'s counsel sent him notice of the March

7, 2019 trial re-setting by certified mail and other means twenty-nine days prior to trial. Such service complied with rules of civil procedure 21a and 245 and raised a presumption that B.M. received notice of the March 7, 2019 trial setting. *In re L.G.T.*, 2017 WL 2729958, at \*4. In addition to his failure to preserve this issue for appeal, B.M. failed to submit any proof to the trial court to overcome this presumption. We overrule B.M.'s first issue.

## Waiver of Other Issues

In his remaining three issues, B.M. argues the trial court denied him a fair trial by allegedly conducting an off-the-record, ex parte bench conference, failed to make a record of proceedings in a suit affecting the parent–child relationship, and denied him due process by failing to afford him any opportunity to appear and be heard. Like his first issue, we overrule these issues because B.M. failed to preserve them for appeal, as the record lacks any indication that B.M. timely objected to or obtained a ruling on those issues in the trial court. *See* TEX. R. APP. P. 33.1(a); *Stallworth*, 201 S.W.3d at 346; *In re L.M.I.*, 119 S.W.3d at 711.

## B.M.'s Failure to Satisfy His Burden Regarding His Request for Bench Warrant

Finally, although we have already determined that B.M. failed to preserve his fourth issue for appeal, even if we were to conclude otherwise, there is no indication in the record that B.M. submitted the evidence necessary to satisfy his burden regarding his request for a bench warrant. To satisfy that burden, B.M. had to submit proof on various factors, including the cost and inconvenience of transporting him to the courtroom, the security risk he presents to the court and public, whether his claims are substantial, whether the matter's resolution can reasonably be delayed until his release, whether he can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means, whether his presence is important in judging his demeanor and credibility, and his probability of success on the merits. *See In re Z.L.T.*, 124 S.W.3d 163, 165-66 (Tex. 2003). B.M. failed to offer any such

proof in his motion, and the trial court had no duty to go beyond the request and independently inquire into his claimed necessity to appear. *Id.* at 166. While B.M. argues that *Boulden v. Boulden*, 133 S.W.3d 884 (Tex. App.—Dallas 2004, no pet.) supports his position, that case is distinguishable, as B.M.'s motion was not filed until after the trial, the trial court never ruled on it, and at trial, the record does not indicate that the trial court ignored, refused, or deprived B.M. of any request to appear through alternative means.

## CONCLUSION

We conclude that B.M. failed to preserve any of his four issues for review as required by rule 33.1(a). Accordingly, we overrule B.M.'s four issues and affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

190392F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.M.M. AND
C.N.M., CHILDREN, Appellant

No. 05-19-00392-CV

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-l7-09018.
Opinion delivered by Justice Molberg.
Justices Myers and Carlyle participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 30th day of September, 2019.