**Opinion filed June 13, 2024**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00162-CV
_____

## IN THE INTEREST OF M.J.M., A CHILD

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 21-05-20774**

### M E M O R A N D U M   O P I N I O N

The Office of the Attorney General (OAG) filed suit against Appellant, J.J.M.G., to establish Appellant's support obligations for M.J.M. and to recover an arrearage judgment. Appellant and his trial counsel failed to appear at the final hearing, and after hearing evidence, the trial court issued a default order in which it ruled against Appellant and ordered that he pay current and retroactive child support and current and retroactive medical and dental support. Appellant filed a timely motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

In two issues, Appellant contends that (1) the trial court erred when it denied his motion for new trial because his motion addressed and satisfied each element of the *Craddock*[1] test, and (2) the trial court erred when it rendered an arrearage judgment against him. Our resolution of Appellant's first issue, to which the OAG concedes, is dispositive of this appeal. *See* TEX. R. APP. P. 47.1. Accordingly, we reverse and remand.

## I. *Factual Background*

Appellant and M.J.M.'s mother were divorced in 2014. The parties final divorce decree recites that the trial court did not have jurisdiction over M.J.M.; therefore, no orders regarding conservatorship and support obligations for M.J.M. were entered.

On May 10, 2021, the OAG filed suit to establish Appellant's support obligations for M.J.M.; the OAG also sought a retroactive-support-obligation finding and an arrearage judgment against Appellant. A final hearing to address the merits of the OAG's claims was set for October 12, 2022. Neither Appellant nor his trial counsel appeared at the final hearing. After hearing evidence, the trial court found, *inter alia*, that Appellant was in default, and it signed an order granting the relief that the OAG requested. Appellant filed a timely motion for new trial to set aside the default order. His motion for new trial was overruled by operation of law and this appeal followed.

## II. *Standard of Review*

We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (citing *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)); *Strackbein v.*

---

[1]*See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939).

*Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). In determining whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the trial court acted arbitrarily or unreasonably. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

It is axiomatic that a default judgment should be set aside, and a new trial granted, if (1) the defendant's failure to answer was not intentional or the result of conscious indifference but, rather, was due to an accident or mistake; (2) the defendant sets up a meritorious defense to the plaintiff's asserted claims; and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Craddock*, 133 S.W.2d at 126. When a defaulting party who moves for a new trial meets each element of the *Craddock* test, a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994)). Further, when as in this case, a trial court grants a post-answer default judgment due to the movant's failure to appear for trial or a final hearing, the same *Craddock* test applies. *See LeBlanc v. LeBlanc*, 778 S.W.2d 865 (Tex. 1989).

### III. *Analysis*

When the first prong of the *Craddock* test is established by proof that the defaulted party was not provided notice of a trial or final hearing setting, it is a violation of due process if the trial court further requires that the second and third *Craddock* prongs be established before it grants a new trial. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *see Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988)). Thus, because Appellant claims that he did not receive notice of the October 12, 2022 final hearing

setting, his satisfaction of the first *Craddock* prong, without more, would necessarily require that we vacate the trial court's order and remand this cause to the trial court for a new trial. But here, Appellant asserts that he has satisfied *each* prong of the *Craddock* test. Despite this, we need not determine whether due process has been violated because as Appellant asserts, and the OAG concedes, Appellant has "met [each of] the required *Craddock* elements."

Therefore, we conclude, and the OAG agrees, that the trial court abused its discretion when it refused to grant Appellant's motion for new trial. Accordingly, we sustain Appellant's first issue. Because our holding on this issue is dispositive of this appeal, we need not address Appellant's second issue. *See* TEX. R. APP. P. 47.1.

## IV. *This Court's Ruling*

We reverse the order of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.


W. STACY TROTTER
JUSTICE


June 13, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.